IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FERREL BENJAMIN GIBBS,           )
                                 )
              Petitioner,        )
                                 )
         v.                      )    1:06CV00108
                                 )
WILLIAM DAISY,                   )
                                 )
              Respondent.        )

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Petitioner, who is currently a federal prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on an unrelated state charge. Specifically, he challenges a North Carolina detainer based on a felony worthless check charge pending in the Superior Court of Guilford County. Petitioner filed numerous motions for relief in that court and now claims that his worthless check charge should be dismissed with prejudice because the State failed to bring him to trial within 180 days as required by the Interstate Agreement on Detainers Act, 18 U.S.C. App. 2 § 1 et seq. ("IAD").

**Facts**

In 2003, Petitioner was arrested and later released on bond for issuing a worthless child support check in Guilford County, North Carolina. While awaiting trial on this charge, he was convicted on unrelated federal charges in the U.S. District Court for the District of South Carolina and began serving his sentence at the Federal Correctional Institute in Ashland, Kentucky ("FCI Ashland"). His release date is tentatively set for July 27, 2009. On July 16, 2004, the Federal Bureau of Prisons ("FBP") notified

the Guilford County District Attorney's office that a detainer had been filed in its favor regarding Petitioner's pending state court charge.

On August 17, 2004, Petitioner responded to the detainer by filing a pro se "motion to dismiss or in the alternative for a speedy trial" in Guilford County Superior Court. Then, on February 20, 2005, he filed a pro se "motion for order dismissing case with prejudice" in that court, claiming that (1) his previous motion invoked the IAD, (2) 180 days had elapsed since that motion's filing, and (3) because the State failed to bring him to trial within the statutorily-required 180-day time frame, his charge must be dismissed.[1] Petitioner followed this motion to dismiss with an "emergency motion for restraining order or injunction and other relief," a "motion to expedite," and a "first amendment and supplemental brief on motion to expedite." The State did not respond to any of these motions, all of which were filed pro se in Guilford County Superior Court.

Petitioner next filed a pro se petition for writ of mandamus in the North Carolina Court of Appeals. The State filed a response to this petition, and the court denied mandamus on June 22, 2005. Petitioner promptly filed his "reply and objections to state's response to petition for writ of mandamus" in the court of appeals

---

[1] Because, as will be discussed later, Petitioner was not following the proper procedure in filing these motions, the North Carolina District Attorney's Office had the FBP notify Petitioner that he must use IAD forms, which Petitioner acknowledged on April 22, 2005. (Resp't's Br. Ex. 8A) As will be further seen, Petitioner ignored this advice and insisted on doing things his way.

and also appealed that court's decision in the Supreme Court of North Carolina. The supreme court denied this appeal as well as Petitioner's "motion for reconsideration and appropriate relief." On October 28, 2005, while the latter motion was pending, Petitioner filed a "motion for appropriate relief and order dismissing case with prejudice" in Guilford County Superior Court. Finally, Petitioner filed the federal habeas petition now before this Court.

## Discussion

Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2254, requesting that this Court force the North Carolina courts to dismiss his pending state charge and lift the detainer lodged against him. Petitioner is not entitled to relief for a number of reasons. First, his petition was improperly filed pursuant to § 2254 rather than under § 2241. Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). In other words, it provides a post-conviction remedy for state prisoners. In contrast, 28 U.S.C. § 2241 authorizes federal courts to issue a writ of habeas corpus to any prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Significantly, this broader statute allows federal courts to grant relief before a court judgment is issued on an underlying claim. It has been construed, for example, to allow a petitioner to seek pre-trial relief on a Sixth Amendment speedy trial claim, Moore v.

-3-

De Young, 515 F.2d 437, 442-45 (3d Cir. 1975), and to permit a petitioner in one state to challenge a detainer filed against him in another state, Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).

In the present case, Petitioner is not in state custody as required under § 2254, and there is no state court judgment for him to challenge. Instead, like the petitioners in Moore and Braden, he seeks purely pretrial relief by challenging the State's failure to bring him to trial or render any judgment as to his pending charge. As such, he has improperly filed his habeas petition pursuant to § 2254. His claim more appropriately falls within the realm of 28 U.S.C. § 2241.

Second, Petitioner's habeas filing is premature under either habeas statute since (1) he failed to first properly invoke an IAD claim in the state courts or provide a tenable reason for failing to do so, and (2) the effects of any IAD violation will only arise once he is brought to trial. Violations of federal statutory rights are not cognizable on habeas review unless the petitioner can show that the claimed error is based on a "fundamental defect which inherently results in a complete miscarriage of justice." Bush v. Muncy, 659 F.2d 402, 407 (4th Cir. 1981)(quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Unless Petitioner first exhausts his remedies under the IAD and, if necessary, proceeds to trial on his underlying state charges, he cannot meet this burden.

A federal habeas petitioner "shall not be deemed to have exhausted remedies available . . . if he has the right under the

-4-

law of the state to raise, *by any available procedure*, the question presented." 28 U.S.C. § 2254(c)(emphasis added); see also Braden, 410 U.S. at 490-493 (describing an analogous exhaustion requirement under section 2241). Thus, before a federal prisoner seeks habeas relief from a state detainer, he must first exhaust the remedies provided by the IAD in the state lodging the detainer.

The IAD sets forth very clear, formal procedures through which a pre-trial petitioner must raise and exhaust his objections. Article III(c) of the IAD requires the warden or other official having custody of a prisoner to promptly inform the prisoner of "the source and contents of any detainer lodged against him." 18 U.S.C. App. 2 § 2, Art. III(c); N.C.G.S. § 15A-761, Art. III(c). To request a final disposition, the prisoner must utilize IAD Form 2, the "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations, or Complaints." (See Resp't's Br. Ex. 8.) Article III(a) also requires that the request be "accompanied by a certificate of the appropriate official having custody of the prisoner" stating the time and terms of the prisoner's current imprisonment. 18 U.S.C. App. 2 § 2, Art. III(a); N.C.G.S. § 15A-761, Art. III(a).

Generally, a federal court only has jurisdiction to relieve a federal prisoner from the burden of a state detainer when the above requirements have been met. See, e.g., Norton v. Parke, 892 F.2d 476, 481 (6th Cir. 1989). Substantial compliance is insufficient. Id. In fact, even if a "petitioner requested, and was denied, through no fault of his own, the forms necessary to initiate a

-5-

request for final disposition pursuant to the IAD," a federal court may not dismiss the state charges underlying the detainer absent exhaustion. Schofs v. Warden, FCI, Lexington, 509 F. Supp. 78, 82 (E.D. Ky. 1981).

> Requiring prisoners to strictly comply with the provisions fo the IAD produces substantial benefits. First, if a prisoner uses standard IAD Form 2, and includes the certificate required by Article III(a), then the prosecuting authority will be notified that the IAD has been invoked and will be better able to avoid the severe sanction of dismissal mandated by Article V(c). Second, because prosecutors are not currently compelled to sort through every prisoner's correspondence and pleadings to find IAD references, the IAD remains an effective system to rapidly adjudicate the claims of prisoners challenging extradition. Third, requiring strict compliance with the IAD provides the prosecutor with information and the ability to decide whether or not to prosecute in the requesting state. If the prisoner is currently serving a lengthy sentence on a serious charge, then the requesting state might opt not to spend limited resources on a second trial unlikely to produce additional benefits.

Norton, 892 F.2d at 481 (internal citations omitted).

In the present case, Petitioner filed numerous motions in Guilford County Superior Court in an apparent effort to invoke the IAD. At no time, however, did he utilize any IAD Forms or request that the warden of FCI Ashland send a certificate on his behalf, despite his having received and signed a "Notification to use Interstate Agreement on Detainers" from prison authorities on April

-6-

22, 2005 (see note 1).² The final paragraph of the notification specifically informed petitioner as follows:

> The State of North Carolina District Attorney's Office wanted you to be informed that you should utilize the IAD procedures. Specifically, IAD Forms 1-4. You are being informed that you should utilize the IAD instead of sending motions to the court directly.

(Resp't's Br. Ex. 8.) Thus, the record clearly shows that Petitioner was aware of the IAD's requirements (at least as of April 22, 2005) and simply refused to comply with them. See note 2. Petitioner takes the position that the IAD is merely a voluntary procedure to help expedite the State's speedy trial act.³ If so, then Petitioner's entire argument fails because federal habeas corpus may not be used to correct errors in applying state law. Thomas v. Taylor, 170 F.3d 466, 470 (4th Cir. 1999). In light

---

²Although Petitioner did not receive or sign this notification until April 22, 2005, some eight months after he filed his first motion in Guilford County Superior Court, Petitioner does not and cannot contend that he was denied an opportunity to properly comply with the IAD. Instead, he incorrectly claims that he properly invoked both the IAD and North Carolina Speedy Trial Act with his August 17, 2004 motion and that he is not required to utilize the IAD's formal procedures. (See Petition for Habeas Corpus Relief ¶ 3.)

³In his brief in opposition, Petitioner argues that the IAD is "clearly a voluntary procedure that **can be used** to expedite a speedy trial." (Id. at 4)(emphasis in original). This assertion ignores the plain language of the statute, which provides, in part, that written notice *shall* be given or sent by the prisoner to the warden, and that the request *shall* be accompanied by a certificate from the warden. The use of the imperative "shall" throughout the statute, rather than the permissive "may," indicates the absolute nature of the statutory procedures. If this was not the case, the IAD--and Petitioner's argument--would lose all force. For example, under Petitioner's interpretation of the statute, the IAD would simply provide the State the *option* of bringing a prisoner to trial within 180 days. Petitioner wants to have it both ways by having his duties optional, but the State's duties mandatory. No authority supports such a perverse reading of the IAD.

-7-

of these facts, the Court must dismiss his claim for non-exhaustion.[4]

Even if petitioner had fully exhausted his claims, his rights to enforce the IAD in federal court are problematical. There is a split among the circuits as to whether a violation of the IAD's time limits for prosecution is cognizable on federal habeas review. Both the Fourth Circuit and the Supreme Court have expressly declined to address this issue. See Muncy, 659 F.2d at 408 n.4; Metheny v. Hamby, 488 U.S. 913, 913 (1988)(White, J., dissenting). In addition, the courts may only grant habeas relief if Petitioner shows that he suffered prejudice attributable to the delayed enforcement. Kerr v. Finkbeiner, 757 F.2d 604 (4th Cir. 1985)(violation of 180-day requirement), and see Muncy, 659 F.2d at 407 (violation of try before return requirement). "The appropriate inquiry is whether the claimed error of law is a fundamental defect which inherently results in a complete miscarriage of justice, and whether it . . . presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id.(quoting Davis v. United States, 417 U.S. 333, 346 (1974)(internal citations omitted)). Until such time as Petitioner is actually tried, or imminently to be, it would be unlikely that

---

[4] While the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2254 to allow federal courts to entertain non-exhausted claims for the purpose of dismissing them on the merits, see 28 U.S.C. § 2254(b)(2), section 2241 contains no analogous provision. Therefore, it is possible that this Court has no jurisdiction to consider Petitioner's claim on the merits at this time in any event.

he could meet such a standard and certainly has not come close to doing so in this case.

**IT IS THEREFORE RECOMMENDED** that respondent's motion for summary judgment (docket no. 7) be granted, that the habeas petition (docket no. 1) be denied, and that Judgment be entered dismissing this action without prejudice.

　　　　　　　　　　　　　　　　　/s/ Russell A. Eliason
　　　　　　　　　　　　　　　　**United States Magistrate Judge**

February 6, 2007