IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FERREL BENJAMIN GIBBS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:06CV108 |
| | ) |
| WILLIAM DAISY, | ) |
| | ) |
| Respondent.[1] | ) |

ORDER

On February 6, 2007, the United States Magistrate Judge's Recommendation [Document #16] was filed and notice was served on the parties pursuant to 28 U.S.C. § 636(b). Petitioner subsequently filed timely Objections to the Recommendation. The Court has now reviewed <u>de novo</u> the Objections and the portions of the Recommendation to which objection was made, and finds that the Objections do not change the substance of the United States Magistrate Judge's ruling. The Magistrate Judge's Recommendation [Document #16] is therefore affirmed and adopted.

The Court also notes that in his Objections, Petitioner attempts to re-cast his claim as alleging a "Constitutional violation of the 6th Amendment for violation of the speedy trial clause." (<u>See</u> Objections [Document #18] at 2.) However, Petitioner did not originally allege any

---

[1] The Court notes that Petitioner has apparently attempted to name as the Respondent in this case North Carolina Superior Court Judge William Daisy. However, pursuant to Rule 2 of the Rules Governing Section 2254 Cases, North Carolina Attorney General Roy Cooper has appropriately responded to the Petition as the attorney general of the state where the Petitioner attacks future custody.

Sixth Amendment violations, and instead invoked only the Interstate Agreement on Detainers ("IAD") and the North Carolina Speedy Trial Act.[2] (See Petitioner's Motion for Reconsideration [Document #4] Exhibit 2.) This position was confirmed to the extent that Petitioner repeatedly refers in his filings to an alleged violation of the "180-day window," which is a provision of the IAD and state law but is not related to any provision or requirement of the Sixth Amendment.

Moreover, even if Petitioner's claim is construed as a Sixth Amendment claim, that claim is not properly before the Court at this time because Petitioner has failed to exhaust available state procedures for obtaining a speedy trial. In this regard, the Court notes that Petitioner has specifically refused to comply with available state procedures under the IAD to obtain a speedy trial, as discussed in the Recommendation. Although Petitioner has filed multiple state court motions, those motions sought only to block any further state court proceedings, based on Petitioner's contention that the State had failed to act within the "180 day window." In response to those motions, Petitioner was repeatedly informed of the proper procedure for obtaining a speedy trial under the provisions of the IAD, but Petitioner deliberately refused to follow those available state procedures. Petitioner instead filed this habeas petition, not asking that he be

---

[2] As discussed in the Recommendation, Petitioner has not properly invoked the provisions of the IAD. Cf. Fex v. Michigan, 507 U.S. 43, 113 S. Ct. 1085, 122 L. Ed. 2d 406 (1993)(outlining IAD procedures); Saxby v. Federal Bureau of Investigation, 3 Fed. Appx. 60 (4th Cir. 2001)(unpublished)(same); Gearheart v. Wallace, 964 F. Supp. 205 (E.D. Va. 1997), aff'd, 145 F.3d 1324 (4th Cir. 1998) (same). Moreover, Petitioner has not shown special circumstances or a fundamental defect or lack of fair procedure requiring the pre-trial habeas intervention of the federal courts with respect to any alleged IAD violation. In addition, with respect to any alleged violation of the North Carolina Speedy Trial Act, this Court will not consider on federal habeas review any alleged violation of state law, as discussed in the Recommendation.

2

promptly brought to trial, but instead asking this Court to order a dismissal of the state charges. Given these circumstances, this Court concludes that Petitioner has not exhausted available state remedies as to his Sixth Amendment claim and has not shown special circumstances justifying federal pre-trial habeas review. See Grant v. Hogan, 505 F.2d 1220 (3d Cir. 1974); Norton v. Parke, 892 F.2d 476 (6th Cir. 1989). Allowing pre-trial habeas review of any Sixth Amendment claims in these circumstances would improperly "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493, 93 S. Ct. 1123, 1129, 35 L. Ed. 2d 443 (1973). Therefore, for the reasons set out above and in the Recommendation [Document #16], Petitioner's present habeas petition will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Respondent's Motion for Summary Judgment [Document #7] is GRANTED, the Habeas Petition [Document #1] is DENIED, and this action will be dismissed without prejudice. Finding no substantial issue for appeal concerning the denial of a constitutional right, nor a debatable procedural ruling, a certificate of appealability is not issued. A Judgment consistent with this Order will be filed contemporaneously herewith.

This, the 11th day of September, 2007.

/s/ James A. Beaty
United States District Court Judge